**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910 | CIVIL ACTION NO. 19-1698 **COMPLAINT** |
| *Plaintiff,* | |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR 1839 C Street, N.W. Washington, DC 20240 | |
| *Defendant* | |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Department of the Interior ("Defendant," "Interior," or "DOI") to disclose documents requested pursuant to FOIA.

2. Plaintiff is a non-profit organization dedicated to research, public education, and advocacy concerning the activities and operations of federal, state, and local governments.

3. In April 2019, Plaintiff sent three FOIA requests to Defendant. The first request was made seeking records and communications related to or used in support of the Secretary of the Interior's Redelegation Order No. 3345, Amendment No. 24, "Temporary Redelegation of Authority for Certain Vacant Non-Career Senate-Confirmed Positions" (hereinafter "Redelegation Order") and any documents or communications relating to a future extension of the Redelegation Order. The second request concerned any exercising of any function or duty

of the Assistant Secretary for Fish and Wildlife and Parks as prescribed in Title 16 U.S. Code-Conservation, Chapter 5b-Wildlife Restoration, or in Title 36 or Title 50, Code of Federal Regulations by Andrea Travnicek, Principal Deputy Assistant Secretary for Fish and Wildlife and Parks. The third request concerned any exercise of any function or duty of the Director of the National Park Lewis ("NPS") prescribed under the NPS Organic Act or under the NPS regulations in Title 36, Code of Federal Regulations, by P. Daniel Smith, Deputy Director.

4. Defendant has failed to provide more than a *pro forma* response to any of Plaintiff's FOIA requests.

    a. On April 5, 2019, Defendant placed Plaintiff's first FOIA request in the "normal" processing track and took a 10-day extension, but gave no estimated date for response then or in its reply to Plaintiff's June 3 reiterated request for response.

    b. On April 9, 2019, Defendant took the same action in response to Plaintiff' second FOIA request that it took regarding the first—a 10 day extension with no estimated date for response. In reply to Plaintiff's June 3 reiterated request for response. Defendant did not provide any further information.

    c. The third request received a reply from Defendant on April 9, 2019 indicating a response date of May 1, 2019, but Plaintiff did not receive a reply until after Plaintiff sent a request for a response on May 10 and then again on June 3, Defendant has still failed to give even an estimated delivery date for its response. In sum, Defendant has neither made any determinations on Plaintiff's three FOIA requests nor provided any documents responsive to the requests.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

6. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

7. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

8. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

9. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

10. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEER Review* newsletter.

11. Defendant, DOI, is an agency of the United States as a "executive department" under 5 U.S.C. § 552(f)(1). It includes, among its many bureaus, the NPS.

12. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff with the records requested is a violation of the FOIA, a federal law.

## STATEMENT OF FACTS

13. Article II, Section 2, of the U.S. Constitution mandates (emphasis added):

    a. [The President] … … **by and with the Advice and Consent of the Senate, shall appoint** *Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and* **all other Officers of the United States**, *whose Appointments are not herein otherwise provided for, and which shall be established by Law.*

14. President Trump has avoided this mandate for more than two years and instead DOI has filled its lead officer positions with lower-level political appointees who have circumvented Senate advice and consent. The appointments at issue also have failed to meet the requirements for installing an officer in an "acting" capacity under the Federal Vacancies Reform Act (5 U.S.C. § 3345 *et seq*.). They have included, among others, lower-level appointees serving in the roles of the Assistant Secretary for Fish and Wildlife and Parks (Andrea Travnicek, then recently shifted on May 23, 2019, by a Secretarial redelegation to Karen Budd-Falen) and the Director of the NPS (P. Daniel Smith).

### PEER's First FOIA Request

15. On April 4, 2019, Plaintiff requested information from DOI via FOIA through the FOIAOnline system regarding the Redelegation Order, communications by Secretary Bernhardt regarding the order, and any information regarding a future such order. Specifically, PEER requested the following:

    a. *Copies of any and all documents and communications, whether internal to the Department of the Interior headquarters or involving external communications,*

> *that were used in support of, or related, to the drafting or issuance of this document (hereinafter the "Redelegation Order"):*
>
> > i. *Secretary (Acting) of the Interior, Order No. 3345, Amendment No. 24, "Temporary Redelegation of Authority for Certain Vacant Non-Career Senate-Confirmed Positions," Jan. 29, 2019, at: https://www.doi.gov/sites/doi.gov/files/elips/documents/so_3345_amendment_24_signed.pdf*
>
> b. *Copies of any and all documents and communications written, or contributed to, by Acting Secretary David Bernhardt that are in any way related to the Redelegation Order, including, but not limited to, documents and communications from or to Mr. Bernhardt related to the Order's implementation.*
>
> c. *Copies of any and all extant documents and communications, whether internal to the Department of the Interior headquarters or involving external communications, that relate to the drafting of a future extension of the Redelegation Order after its expiration date of May 30, 2019 (as stated in Sec. 5 of the Order)*

16. PEER also requested that to the extent that DOI needed to perform a detailed review, fees be waived because "disclosure of the information is in the public interest . . . and is not primarily in the commercial interest of the requestor." 5 U.S.C. 552 (a)(4)(A).

17. On April 5, 2019, DOI's FOIA Office informed PEER by email that it had received PEER's FOIA request, that it would take a 10-day extension for its response pursuant to 43 C.F.R. § 2.19,[1] and it put the request under the "normal" processing track, which the agency uses to designate requests that "will take between six to twenty workdays to process." 43 C.F.R. § 2.15. The FOIA Office assigned the request the control number OS-2019-00657.

18. On June 3, 2019, PEER requested a response to its FOIA request. The DOI FOIA Office replied to PEER's request, but did not provide any responsive documents or give an estimated date by which it would.

---

[1] 43 C.F.R. 2.19 permits the agency to "extend the basic time limit[] if unusual circumstances exist."

PEER's Second FOIA Request

19. On April 8, 2019, Plaintiff requested information via FOIA concerning actions by Andrea
Travnicek, the Principal Deputy Assistant Secretary for Fish and Wildlife and Parks.
Specifically, PEER requested the following:

   a.  *Copies of any and all documents dated since Jan. 1, 2019, indicating that Andrea
       Travnicek, Principal Deputy Assistant Secretary for Fish and Wildlife and Parks,
       has exercised: (a) any function or duty designated to be exercised by the Assistant
       Secretary for Fish and Wildlife and Parks in Title 16 U.S. Code -Conservation,
       Chapter 5b-Wildlife Restoration, or (b) any function or duty designated to be
       exercised by the Assistant Secretary for Fish and Wildlife and Parks in Title 36 or
       Title 50, Code of Federal Regulations.*

20. PEER also requested that to the extent that the DOI needed to perform a detailed review, fees
be waived because "disclosure of the information is in the public interest . . . and is not
primarily in the commercial interest of the requestor." 5 U.S.C. 552 (a)(4)(A).

21. On April 9, 2019, DOI's FOIA Office confirmed receipt of PEER's FOIA Request by email,
assigned it the index number OS-2019-00678, opted to take a 10-day extension for its response
pursuant to 43 C.F.R. § 2.19, and it put the request under the "normal" processing track, which
the agency uses to designate requests that "will not take between six to twenty workdays to
process." 43. C.F.R. § 2.15. The agency did not provide an estimated date for its response.

22. On June 3, 2019, PEER requested a response to its FOIA request. The DOI FOIA Office replied
to PEER's request the same day, but did not provide any responsive documents or give an
estimated time when it would do so.

PEER's Third FOIA Request

23. On April 4, 2019, Plaintiff requested information via FOIA concerning actions taken by P.
Daniel Smith, the Deputy Director of the NPS. Specifically, PEER requested the following:

a. *Copies of any and all documents dated since Jan. 1, 2019, indicating that P. Daniel Smith, Deputy Director of the National Park Service (NPS), has exercised: (a) any function or duty designated to be exercised by the Director of the NPS under the NPS Organic Act, and (b) any function or duty designated to be exercised by the Director of the NPS in the NPS regulations in Title 36, Code of Federal Regulations.*

24. PEER also requested that to the extent that the DOI needed to perform a detailed review, fees be waived because "disclosure of the information is in the public interest . . . and is not primarily in the commercial interest of the requestor." 5 U.S.C. 552 (a)(4)(A).

25. On April 9, 2019, DOI's Washington Support Office ("WASO") confirmed receipt of PEER's FOIA Request by email, assigning it the index number NPS-2019-00778 and provided an expected response date of May 1, 2019.

26. On May 10, 2019, PEER emailed the WASO FOIA Office to alert them that they had passed the deadline the agency had set to reply by nine days.

27. On May 13, 2019, WASO replied to PEER's request for an update sent on May 10, but did not issue an estimated time when it would deliver the files

28. On June 3, 2019, PEER sent a request for a response to its FOIA request. Defendant has not replied.

## <u>CAUSE OF ACTION: FREEDOM OF INFORMATION</u>

29. Plaintiff restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

30. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

31. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i); see also 43 C.F.R. § 2.19 (DOI FOIA regulations specifying circumstances in which the agency may extend its deadline to reply). The FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

### First Count: Request OS-2019-00657

32. Plaintiff restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

33. PEER's first FOIA request was received by DOI on April 5, 2019. A response to PEER's FOIA Request was due by statute thirty working days—with the 10-day extension—from that date on May 17, 2019 (counting all weekdays).

34. As of this filing, Plaintiff has not received any documents responsive to its FOIA request, or any communications from Defendant regarding this request other than those described herein.

35. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

36. Defendant's conduct amounts to a denial of the Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding improper actions taken by Secretary Bernhardt, and how DOI is run by officers requiring Senate confirmation whom have not received it.

37. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

38. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

Second Count: Request OS-2019-00678

39. Plaintiff restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

40. PEER's second FOIA request was received by DOI on April 9, 2019. A response to PEER's FOIA Request was due by statute thirty working days from that date—because DOI took the 10-day extension—on May 21, 2019 (counting all weekdays).

41. As of this filing, Plaintiff has not received any documents responsive to its FOIA request, or any communications from Defendant regarding this request other than those described herein.

42. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

43. Defendant's conduct amounts to a denial of the Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the

actions taken, potentially in violation of FVRA, by Andrea Travnicek, Principal Deputy Assistant Secretary for Fish and Wildlife and Parks.

44. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

45. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

<u>Third Count: Request NPS-2019-00778</u>

46. Plaintiff restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

47. PEER's third FOIA request was received by DOI on April 9, 2019. A response to PEER's FOIA Request was due by statute twenty working days from that date on May 7, 2019 (counting all weekdays).

48. As of this filing, Plaintiff has not received any documents responsive to its FOIA request, or any communications from Defendant regarding this request other than those described herein.

49. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits.  5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

50. Defendant's conduct amounts to a denial of the Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the actions taken by P. Daniel Smith, Deputy Director of the NPS, potentially in violation of FVRA.

51. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

52. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

  i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

  ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

  iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

  iv.  Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

  v.   Grant such additional and further relief to which Plaintiff may be entitled.


Respectfully submitted on June 11, 2019,

_____/s/   Peter Jenkins_____
Peter Jenkins, DC Bar # 477229
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pjenkins@peer.org

*Counsel for Plaintiff*